IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**ANDREW MORET**

              Plaintiff,

v.

**STATE OF OREGON, OREGON STATE HOSPITAL, THE SUPREME COURT OF OREGON, CYNTHIA BARNETT, MELISSA SCHREPEL, JEFF TEGNER, NICOLE MOBLEY, ERIC GIRRENS, MAILA CARLOS, OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES, KATE BROWN, MARTHA WALTERS, ELLEN ROSENBLUM, THERESA M. KIDD, JAMES EGAN, CHANNING BENNETT,**

              Defendants.

Case No. 6:21-cv-00477-MO

OPINION AND ORDER

**MOSMAN, J.,**

This matter comes before me on Defendants' Motion to Dismiss [10] and Plaintiff's Motion for Partial Summary Judgment [12]. For the reasons below, I GRANT in part and DENY in part Defendants' Motion to Dismiss and DENY Plaintiff's Motion for Summary Judgment.

## BACKGROUND

Plaintiff Andrew Moret is a prisoner incarcerated in the Snake River Correctional Institution. On March 30, 2021, he filed this complaint [2] in forma pauperis against the State of Oregon, the Oregon State Hospital ("OSH"), the Oregon Department of Administrative Services,

1 – OPINION & ORDER

the Oregon Supreme Court, and an array of government employees, including Governor Kate Brown and Chief Justice Martha Walters of the Supreme Court of Oregon.

The bulk of Moret's claims arise from his time as a patient at OSH. From February 2018 to August 2018, Moret was a patient at OSH undergoing pre-trial treatment pursuant to ORS 161.370. Compl. [2] at 17. After leaving OSH, Moret was tried and convicted. Moret alleges he was subject to sexual harassment, sexual assault, and negligent treatment by hospital employees while he was a patient at OSH (Claims 1–3). *Id.* at 20–23.

In addition to his claims related to his time at OSH, Moret make three other kinds of claims. First, he alleges the Oregon State Constitution and the Oregon State Motto discriminate on the basis of gender (Claim 4). *Id.* at 24–26. Second, he alleges he has been denied access to the Oregon state courts and that different members of the Oregon government have conspired against him "to deny his right to remedy." (Claims 5, 7). *Id.* at 26–27. And third, Moret claims that all Defendants in this case have intentionally inflicted emotional distress on him. (Claim 6).

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6), dismissal of a complaint is appropriate based on either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court's liberal interpretation of a pro se litigant's pleading may not

supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

## DISCUSSION

Moret's claims here are similar to a case he previously litigated in Oregon state court. *See* Marion Cnty. Cir. Ct. No. 19-CV-29251. With this suit, Moret asks for a "transfer of claims from State to Federal Court." Compl. [2] at 19. Because doing so would violate the *Rooker-Feldman* doctrine, I agree with Defendants that Moret's claims that overlap with his prior suit must be dismissed. Moreover, Moret's claims against the State of Oregon and the Oregon State Hospital are barred by the Eleventh Amendment. However, Moret has introduced several claims in this suit that he has not raised previously. Though these new claims must be dismissed for failing to meet pleading requirements, I dismiss them with leave to amend.

### I.   The *Rooker-Feldman* Doctrine

Dismissal of the majority of Moret's claims is appropriate under the *Rooker-Feldman* doctrine. Taking its name from two Supreme Court cases—*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)—the *Rooker-Feldman* doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). This doctrine applies when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (quoting *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)).

3 – OPINION & ORDER

In seeking to "renew his claims from State to Federal court," Compl. [2] at 19, Moret has asserted legal error by Oregon state court as his injury and relief from that judgment as his remedy. *Rooker-Feldman* therefore applies, precluding Moret's claims that have previously been litigated in state court.

Moret contends that his claims fall under an exception to *Rooker-Feldman* that allows claims to proceed in federal court if the previous state court was decided on procedural grounds. *See Whiteford v. Reed*, 155 F.3d 671, 674 (3rd Cir. 1998). Though the Oregon Court of Appeals denied Moret's appeal because it was not filed on time, Compl. Attach. [2-2] at 40, Moret ultimately seeks relief from the initial decision from the Marion County Circuit Court. That original decision dismissed Moret's case on the substantive grounds of insufficient injury. *Id.* at 34–35. Thus, Moret's argument for an exception to *Rooker-Feldman* is unavailing.

Because they are a de facto appeal from state court proceedings, I dismiss Moret's claims of sexual harassment, sexual assault, negligence (barring Claim 3(b)), gender discrimination, and intentional emotional infliction of distress.[1]

## II. Sovereign Immunity

Defendants assert that the State of Oregon and OSH should be dismissed as defendants from this case because state entities are generally protected from tort claims for monetary damages under the Eleventh Amendment. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). Moret argues that he has sought only injunctive relief from government defendants, yet his complaint requests damages for all his claims, calculating those damages "per defendant." *See* Compl. [2] at

---

[1] Defendants also argue that Moret's claims may be dismissed under the doctrines of claim preclusion and issue preclusion. But because those doctrines would justify dismissal of the same previously litigated claims as those justified by *Rooker-Feldman*, I see no need for further discussion of preclusion.

4 – OPINION & ORDER

31–32. Moret also requests punitive damages. *Id.* at 32. Because they are sovereigns that cannot be sued without consent, the State of Oregon and OSH are dismissed from this case as defendants.

### III.     Moret's Remaining Claims

With the dismissal of his previously litigated claims and his claims against the State of Oregon and OSH, Moret has three claims remaining. First, he claims OSH acted negligently in deleting video evidence of an alleged sexual assault against him perpetrated by a hospital employee. Compl. [2] at 22. Second, he claims that judges on the Marion County Circuit Court, the Oregon Court of Appeals, and the Oregon Supreme Court have all conspired to deny him access to the courts. *Id.* at 26. And third, he claims all defendants in the case have conspired to injure him and deny him of his right to remedy. Id. at 27. Because none of these remaining claims meet the pleading standards set in *Twombly* and *Iqbal*, they must also be dismissed.

Moret's claim that Defendants negligently deleted video evidence of his alleged sexual assault has not been sufficiently pled. Moret has not alleged the deletion of evidence caused him harm outside of its connection to his previously litigated sexual harassment claims. *See* Compl. [2] at 27–31. Yet he must: damages is a necessary element of a negligence claim. *Cain v. Bovis Lend Lease, Inc.*, 817 F. Supp. 2d 1251, 1279 (D. Or. 2011). Because Plaintiff has failed to provide "grounds of his entitlement to relief," his negligence claim (Claim 3(b)) must be dismissed.

Likewise, the claims of conspiracy and denial of access to the courts have not been made with any level of particularity, let alone with the elevated pleading standard required for fraud claims. *See* Fed. R. Civ. Pro. 9(b). Rather, Moret has failed to allege any "circumstances constituting fraud." *Id.* As such, these claims must also be dismissed.

However, because it is not "clear…that the complaint could not be saved by any amendment," I dismiss Moret's remaining claims with leave to amend. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009).

## CONCLUSION

For the reasons stated above, I GRANT in part Defendants' Motion to Dismiss [10]. I dismiss Defendants Oregon State Hospital and the State of Oregon from this case. I dismiss Moret's sexual harassment, sexual assault, negligence, gender discrimination, and intentional infliction of emotional distress claims with prejudice, with the exception of his negligent deletion of video evidence claim. I dismiss Moret's negligent deletion of video evidence, denial of access to the courts, and conspiracy claims with leave to amend. I DENY Moret's Motion for Partial Summary Judgment [12] as moot.

IT IS SO ORDERED.

DATED this 31 day of August, 2021.

MICHAEL W. MOSMAN
United States District Judge

6 – OPINION & ORDER